UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMAL GULSTON,

    Plaintiff,

v.

DEPARTMENT OF CORRECTION,

    Defendant.

PRISONER
CASE NO. 3:03CV406 (RNC)

## RULING AND ORDER

Plaintiff Jamal Gulston, a Connecticut inmate, brings this action pro se and in forma pauperis pursuant to 42 U.S.C. § 1983, alleging that the Department of Correction has implanted in his body a "chip" that allows people to hear his thoughts and manipulate his mind. He also alleges that his housing unit is overcrowded and unsanitary. The action must be dismissed for failure to exhaust administrative remedies.

On August 18, 2003, the court issued an order directing plaintiff to file an amended complaint providing evidence that he has exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e). His amended complaint makes it clear that he has not exhausted his administrative remedies. He alleges that he is being harassed for filing this and a previous suit and fears retaliation by correctional officers. Under § 1997(e), exhaustion may be excused only when "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736 (2001). That is not the case here. Accordingly, plaintiff's

amended complaint [Doc. # 7] is hereby dismissed without prejudice for failure to exhaust administrative remedies.

So ordered.

Dated at Hartford, Connecticut this 21st day of November 2003.

---
Robert N. Chatigny
United States District Judge